**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Naeem Al-Zaidy,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-09-1440-PHX-JAT (LOA)<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (Doc. #1). On January 20, 2010, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition be dismissed because it is barred by the statute of limitation. (Doc. #13). On February 5, 2010, the Petitioner filed objections to the R&R. (Doc. #14).

**I. Legal Standard**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). Because Petitioner filed objections, this Court will review de novo the Magistrate Judge's conclusion that the Petition in this case is barred by the statute of limitation.

**II. Statute of Limitation**

As the R&R correctly recounts, under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the Petitioner had one year from the date his conviction became final to file a petition for writ of habeas corpus with this Court. (Doc. #13 at 6). The Petitioner's conviction became final on March 30, 2000, thirty days after the Arizona Court of Appeals dismissed his direct appeal on February 29, 2000. *Id.* at 7. Therefore, the Petitioner's Petition in this Court was due by March 30, 2001. The Petition was filed July 9, 2009. (Doc. #1). The Court adopts the Magistrate Judge's findings on this issue, as neither party objects. Therefore, the Petition is untimely unless Petitioner is entitled to tolling of the statute of limitation until July 9, 2009.

### A. Statutory Tolling

By statute, the Petitioner is entitled to statutory tolling during any period he had a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . pending." 28 U.S.C. § 2244(d)(2). In this case, the statute was immediately tolled because the Petitioner had filed a Notice of Post-Conviction Relief on November 12, 1999, which was still pending review at the time the Petitioner's direct appeal was dismissed. (Doc. #13 at 4, 8). The state court dismissed the Petitioner's post-conviction petition on May 26, 2000. *Id.* Therefore, the tolling period ended at that time and the AEDPA limitation period began on May 27, 2000. *Id.* at 8. The AEDPA limitation period thus expired on May 26, 2001, nearly eight years before the Petitioner filed his Petition. *Id.* The Court adopts the Magistrate Judge's findings on this issue, as neither party objects. Therefore, after considering statutory tolling, the Petition is still untimely.

### B. Equitable Tolling

Next, the Court considers equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling is available to habeas petitioners). The Magistrate Judge concluded that equitable tolling was not available. (Doc. #13 at 10–11). Petitioner objects to this conclusion.

Petitioner is entitled to equitable tolling only by demonstrating "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To justify equitable tolling, the Petitioner bears the burden of proving that he has been pursuing his rights diligently. *See id.* at 336. The Petitioner fails to offer any facts or arguments showing that he was pursuing his rights diligently during the period between May 26, 2001 and July 9, 2009.

To show extraordinary circumstances, the Petitioner alleges that for an unknown period he was in some type of isolated alternative confinement outside of the Arizona Department of Corrections where he was questioned about possible involvement with the Iraqi Army. (Doc. #14 at 3). However, the Petitioner offers no proof of this confinement and gives no dates to show how much of the time between May 26, 2001 and July 9, 2009 he claims he was held there. It is also unclear whether and how this confinement actually prevented the Petitioner from timely filing his Petition.

Because the Petitioner fails to meet his burden of proving that he has been pursuing his rights diligently and that extraordinary circumstances prevented him from timely filing his Petition, the Petitioner has failed to show that he is entitled to equitable tolling for the approximately eight years necessary for his Petition to be timely..

**V. Conclusion**

Because the Petitioner is not entitled to equitable tolling, the last date that he could have timely filed his Petition was May 26, 2001. This Petition is therefore untimely.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. # 13) is **ACCEPTED**;

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1) is **DENIED**; and

**IT IS FURTHER ORDERED** that Objections (Doc. #14) are overruled, and the Petition (Doc. #1) is **DISMISSED WITH PREJUDICE** because it is barred by the statute of limitations and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

DATED this 22nd day of March, 2010.

*[signature]*
James A. Teilborg
United States District Judge